IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v.                              4:17CR00197 JM

DOMINIC DARRELL SESSION

## ORDER

Pending are Defendant's *pro se* motion to withdraw his guilty plea, docket # 42 along with his amended motion to withdraw guilty plea, docket # 56.   Following a hearing on the record in which the Court heard testimony and argument of counsel, the Court denied the motions to withdraw.

Facts

On July 11, 2017, Dominic Darrell Session was charged in an indictment with Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g)(1).   The Indictment alleged that Session possessed the firearm on April 4, 2017 and prior to that date he had been convicted of multiple felonies, including robbery in Case CR 2006-002777. Battery in the second degree in Case LCR-2007-2-2, residential burglary in Case 2011-4043, and residential burglary in Case CR 12-337.

Federal Public Defender Molly Sullivan was initially appointed to represent Session. (ECF # 4). On January 11, 2018, Ms. Sullivan moved to withdraw as counsel citing a conflict which undermined her ability to represent Session. (ECF # 19). The motion was granted and on January 18, 2018, Michael Warren Spades, Jr. was appointed to represent Session. (ECF # 22). On January 11, 2019. Mr. Spades moved to withdraw based upon a medical condition.   Mr. Spades noted that he did not believe that the case would be resolved by plea agreement, the

attorney-client relationship was poor, and further constructive communications would be difficult.   (ECF #33). On January 14, 2019, the Court appointed Leslie Borgognoni. (ECF # 34).

On May 10, 2019, Session appeared before United States District Judge J. Leon Holmes with Ms. Borgognoni and entered a guilty plea. Session was placed under oath, and after the Court questioned him regarding his competency to proceed, he was found competent to proceed. (ECF. # 48, p. 2-4). Session confirmed that his attorney had explained the crime he was charged with and the penalties that could be imposed. (Id. at 4). The Court advised Session that he was subject to "a term of imprisonment of up to ten years unless you have three or more prior convictions for a violent felony or drug offense, serious drug offense, and then your term of imprisonment would be a minimum of 15 years and a maximum of life." (Id. at 5). Session confirmed that he understood both the charges and the potential penalties. (Id.). The Court reviewed Session's rights and confirmed that Session wanted to proceed with the guilty plea. (Id. at 5-7). Session confirmed that nobody promised him what his sentence would be if he pled guilty, and the Court advised Session that it had the authority to impose up to the maximum penalty permitted by the law. (Id. at 9-10). The Court further advised Session that "[i]f the Court imposes a more severe sentence than you were expecting or hoping for, you'll not be entitled on that basis to withdraw your guilty plea," and Session confirmed that he understood. (Id. at 10).

The United States set forth the evidence it would present if the case were to go to trial as follows:

> [O]n April 4 of 2017, the Little Rock Police Department stopped a vehicle with the defendant, Dominic Session, as a passenger. Mr. Session fled on foot, fell, and dropped a black object later identified as the firearm at issue in this case. In the area where Mr. Session fell and dropped the object, officers located a Ruger model SR9C, 9 mm pistol bearing Serial No. 332-46573 as well as one round of a Gila brand 9 mm ammunition, eight rounds of Winchester -- Western brand 9 mm

ammunition, and seven rounds of Remington brand 9 mm ammunition. By this plea Mr. Session admits he possessed the firearm and recovered ammunition. Prior to April 4, 2017, Mr. Session had been convicted of multiple crimes punishable by terms of imprisonment exceeding one year including those crimes listed in the indictment. The firearm, ammunition, or ammunition components were manufactured outside the state of Arkansas and, therefore, traveled in and affected interstate commerce.

(Id. at 10-11). Session admitted that all these facts were true. (Id. at 11). When asked to state in his own words what he did that makes him guilty, Session stated, "I had a gun." (Id). When asked if he had the Ruger pistol in particular, Session stated that he "knew of it." (Id. at 11-12). When Session questioned whether the truth matters, the Court assured him that the truth did matter and that the Court would not accept a guilty plea unless Session could tell the Court "under oath, truthfully, the facts that establish that you really are guilty." (Id. at 12). Session stated, "I was pulled over and did have a gun, but the driver of the car was never apprehended. . . . He got away. And it really was his gun. It wasn't my gun." (Id. at 13). Session admitted that he had the gun in his hand or his pocket in the car, so he admittedly possessed the gun, but claimed he did not throw the gun when running from police. (Id. at 13-14). Session further admitted that he was convicted of felonies prior to April 4, 2017. (Id. at 14). As all elements of the offense were established, the Court accepted Session's guilty plea finding that "the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges, and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." (Id. at 16-17).

Following the plea hearing, Ms. Borgognoni and Session met with probation in the pre-PSR interview. During the interview, when discussing whether Session would qualify as an

armed career offender, the probation officer, according to the testimony at the hearing, told the Defendant that she didn't think he would. On May 20, 2019, Session wrote Ms. Borgognoni and stated:

> "Man God is so good, Ms. Borgognoni! Hearin that PSI writer say that she wasn't countin my burglary charges as violent was the best news that I've had in a very long time!! She told me out her mouth that they wasn't countin "burglary" as violent crimes, so why did you lie to me like probation was countin them as ACCA?? Why b/c that's what the gov. told you? Or was you tryin to help the gov. force me to take 15 yrs or go to trial?.....

( ECF # ___, (hearing transcript) ex 9). On July 3, 2019, the first draft of the PSR report calculated Session's sentence by applying the enhancement under the Armed Career Criminal Act which carries a 15-year mandatory minimum.

On August 8, 2019 the parties filed a joint motion requesting that the sentence hearing be postponed based on two cases pending before the Eighth Circuit Court of Appeals, United States v. Sims, 854 F.3d 1037 (8th Cir. 2017) and United States v. Smith, 928 F.3d 714 (8th Cir. 2019) relating to the issue of whether Arkansas residential burglary qualified as a violent felony. Borgognoni informed Holmes' courtroom deputy by email, dated 8/24/2019, the delay was also requested because Session wanted to explore cooperation with the government. After the offense occurred in this case, but prior to indictment, on April 27, 2017, the Eighth Circuit ruled that Arkansas residential burglary did not qualify as a violent felony. *United States v. Sims*, 854 F.3d 1037 (8th Cir. 2017). The United States appealed, and the United States Supreme Court issued an opinion on December 10, 2018, holding that burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation qualifies as violent felony under the Armed Career Criminal Act (ACCA), but remanded *Sims* to the Eighth Circuit to consider an alternative argument. *United States v. Stitt*, 139 S. Ct. 399 (2018). After the remand, the AUSA

4

took the position, and advised Session's counsel, that Session qualified as an Armed Career Offender. On August 13, 2019, the Eighth Circuit held that Arkansas residential burglary qualified as a violent felony.  U*nited States v. Sims*, 933 F.3d 1009 (8th Cir. 2019).

Over a year later, on September 16, 2020, Session filed a *pro se* motion to withdraw his plea and to relieve counsel. (ECF # 42).   The motion was presented to the Court by way of a letter dated August 1, 2020.   In that letter, Session claimed:

> "I am writing to you today because my rights have been violated and b/c I'm bein treated unjust by my attorney Leslie Borgognoni and D.A. Stephanie Manzanti.   Both have lied and promised me things to get me to plea out to a crime I am innocent of.. . .Ms. Borgognoni said she spoke with P.S.I. writer Julie Graves, and she promised I wasn't an armed career, so I would only have to do a couple of years.. .   I pled guilty to a crime I'm innocent of thinkin I'll only have to do a couple years. . . . When I got my P.S.R. back I was labeled an armed career , 15 years is a long time to be gone for a crime that was put on me by lies.

Ms. Borgognoni responded to Session's *pro se* motion stating that she was ready and willing to continue to represent him, but advised the Court that Session was refusing to meet with her at the jail or to accept or return any telephone communication requests.   On October 9, 2020, the Court granted Borgognoni's motion to withdraw and appointed Jordan Brown Tinsley. (ECF. # 45).   On July 15, 2021 Mr. Tinsley filed an amended motion to withdraw guilty plea. (ECF # 56).

Analysis:

A defendant may withdraw a guilty plea after it has been accepted by the district court if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).   "There is no *right* to withdraw; the plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom." *United States v. Green,* 521 F.3d 929, 931 (8th Cir.2008) (internal quotation marks omitted).   "Defense counsel's performance

can serve as the requisite 'fair and just reason' for withdrawal only if the defendant demonstrates both that his attorney's performance was deficient and that he was prejudiced by it." *United States v. Buck,* 661 F.3d 364, 370 (8th Cir.2011). Establishing deficient performance requires showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 687–88 (1984). Establishing prejudice requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In *United States v. Boone,* 869 F.2d 1089 (8th Cir.), *cert. denied,* 493 U.S. 822(1989), the court outlined various factors that the district court should consider in determining whether to grant a motion to withdraw a guilty plea before sentencing:

> (1) whether defendant established a fair and just reason to withdraw his plea; (2) whether defendant asserts his legal innocence of the charge; (3) the length of time between the guilty plea and the motion to withdraw; and (4) if the defendant established a fair and just reason for withdrawal, whether the government will be prejudiced.

*Id.* at 1091–92.

The court will discuss these factors separately.

(1) <u>whether defendant established a fair and just reason to withdraw his plea</u>

The evidence when taken as a whole and giving Mr. Session the benefit of every reasonable doubt shows that Mr. Session has failed to establish a fair and just reason to withdraw his guilty plea. This would be the case under 8th circuit precedent or 9th circuit precedent as argued by defense counsel. The court looks to factors 2-4 to come to this conclusion.

(2) <u>whether defendant asserts his legal innocence of the charge</u>

The court did not find Session credible during his hearing to withdraw his plea. His

6

testimony was inconsistent throughout. During his change of plea Session admits to Judge Holmes on multiple occasions that he was in possession of a firearm at the time alleged. (ECF # 48, p. 10-14, 16). Session equivocates as to the ownership of the gun and how it ended up on the ground outside the vehicle, but he is clear that he possessed the gun prior to being pulled over. After the change of plea Session met with the Government for a proffer. Again, Session admits possessing the gun and goes on to admit to the Government that he purchased the firearm. Sixteen months after his change of plea he asserts his innocence of the charge for the first time.

During the hearing to withdraw his plea Session attempts to flip the narrative. He now claims he threw a bag of marijuana and a backpack while fleeing but denies possession of the gun. Session claims that he lied to Judge Holmes when he admitted possession of the gun because Borgognoni told him to. He says he lied during his proffer to get a better deal. He lied to this court when he testified Borgognoni never advised him he likely would qualify for the ACCA. The court finds credible Borgognoni's testimony that Session admitted possession of the gun to her prior to changing his plea. It is incredible to believe that Borgognoni would advise a client to perjure himself before the court to obtain a guilty plea.

Session testifies that Borgognoni never discussed the probability that the ACCA would apply to him. This testimony is impeached with a letter (ECF # __, hearing transcript, ex. 9). Session wrote to Borgognoni, only ten days following his plea of guilty, accusing her of lying to him **when she told him, prior to his change of plea, he would likely qualify for ACCA**. It is also established that the Government informed Borgognoni and Session it was the Government's position the ACCA applied prior to the change of plea hearing. When viewing this testimony, the court cannot find that Session is credibly asserting his innocence.

7

(3) the length of time between the guilty plea and the motion to withdraw

Session changed his plea on May 10, 2019. His first Pre-sentence report indicating that the ACCA applied was dated July 7, 2019, roughly two months later. Session's *pro se* letter to the court asking to withdraw his plea was dated August 1, 2020 and file stamped by the clerk on September 16, 2020. Session testified at the hearing to withdraw that he asked Borgognoni to file a motion to withdraw his plea in July of 2019. The court does not find this credible in light of the fact Session waited over a year to file his motion. The fifteen-month delay between the change of plea and motion to withdraw does not weigh in Session's favor. *See, United States v. Davis*, 583 F.3d 1081, 1092(8th Cir. 2009) (finding that the defendant did not show a fair and just reason for requesting the withdrawal where the defendant filed his motion to withdraw more than a month after he pled guilty and eighteen days after the district court accepted the guilty plea).

(4) if the defendant established a fair and just reason for withdrawal, whether the government will be prejudiced

Even if Session had provided a fair and just reason for withdrawing his guilty plea, which he has not, the government has demonstrated prejudice. The acts in this case occurred April 4, 2017, over four years ago. It has been more than two years since Session entered his plea. Through no fault of the Government, it would be faced with the daunting task of locating witnesses and if found, hoping that their memories hadn't failed in the interim. *Id.*. (finding the "government may be prejudiced if [the defendant] were allowed to withdraw his guilty plea approximately two years after he was arrested and nearly a year and a half after he pled guilty").

It is more likely that Session decided to change his plea in an effort to slip through the cracks before the ACCA law changed as he testified to during the hearing.

Additionally, the Court finds that defense counsel was not ineffective. Her performance was not below the standard of reasonableness applied to claims of ineffective assistance of counsel.   *Strickland v. Washington,* 466 U.S. 668, 687 (1984).   The evidence supports Ms. Borgognoni's testimony that she advised Session of the possibility that the ACCA would apply to his previous convictions.   The request for a continuance to allow the law to become settled while exploring the opportunity to make a proffer to the government in an effort to reduce his sentence were also reasonable under the facts of this case.   Further, even if Borgognoni advised Session that the ACCA would not apply, the Eighth Circuit has held " many times that a defendant's reliance on erroneous legal advice from his counsel in deciding to enter a guilty plea does not provide a ground for withdrawing the plea."   *United States v. D'Angelo*, 172 F.3d 1046, 1047 (8th Cir. 1999). Session's argument that Borgognoni was deficient for failing to research the Phillips issue, also fails. The Court held an *in camera* review of the Phillips investigation and finds that the dishonesty charge was found to be unsubstantiated.   The Court finds that the material was not <u>Giglio</u> material as argued by Session.

Session has failed to show a fair and just reason to withdraw his guilty plea.   For these reasons, the motions to withdraw are DENIED.

Dated this 2nd day of September, 2021.

_____
JAMES M. MOODY JR.
UNITED STATES DISTRICT JUDGE